# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LISA NEELY, ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| LAW OFFICES OF GARY MARTIN ) | |
| HAYS AND ASSOCIATES, P.C., ) | |
| GARY MARTIN HAYS and ) | |
| CAVEAT RUMPUS, LLC ) | **JURY DEMAND** |
| d/b/a GARY'S BISTRO, ) | |
| ) | |
|    *Defendants.* ) | |

## COMPLAINT

COMES NOW Plaintiff Lisa Neely (hereinafter "Plaintiff"), and files this lawsuit against Defendants Law Offices of Gary Martin Hays and Associates, P.C. (hereinafter "Defendant Law Offices"), Gary Martin Hays (hereinafter "Defendant Hays"), and Caveat Rumpus, LLC d/b/a Gary's Bistro (hereinafter "Defendant Bistro" or "the Bistro") and shows the following:

## JURISDICTION AND VENUE

1.

This action seeks monetary damages, unpaid wages, liquidated and actual damages and attorneys' fees and costs for Defendants' failure to pay Plaintiff

wages, including overtime compensation, as a result of working for Defendants, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA") and also claims for quantum meriut under Georgia law.

2.

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA") and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

3.

Plaintiff also asserts claims under Georgia State Law and this Court may exercise supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

4.

Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Georgia because: (1) the Defendants are within the Northern District of Georgia and (2) the events or omissions giving rise to Plaintiff's claims, as described in this Complaint, occurred within the Northern District of Georgia.

## PARTIES

5.

Plaintiff is a resident of Gwinnett County, Georgia.

6.

Plaintiff worked for the Defendants from May 9, 2005, through June 24, 2013. She was an "employee" of Defendants as defined under 29 U.S.C. § 203(e).

7.

Defendant Law Offices is a private employer, organized and registered to do business in Georgia, is engaged in interstate commerce, and its gross revenues exceed $500,000 per year. It may be served through its registered agent: Gary Martin Hays at 3098 Breckinridge Boulevard, Duluth, Georgia 30096.

8.

Defendant Hays is the president of Defendant Law Offices and Defendant Bistro and was primarily responsible for supervising and directing Plaintiff's work activities and made the decisions as to the Plaintiff's assigned work duties, hours of work and method of payment and non-payment.

9.

Defendant Bistro is a Georgia limited liability company, organized and registered to do business in the state of Georgia, is engaged in interstate commerce,

and its gross revenues exceed $500,000 per year.  It may be served through its registered agent: Gary Martin Hays at 3098 Breckinridge Boulevard, Duluth, Georgia 30096.

10.

Defendant Law Offices is an "employer" within the definition of 29 U.S.C. § 203(e).

11.

Defendant Hays is an "employer" within the definition of 29 U.S.C. § 203(e).

12.

Defendant Bistro is an "employer" within the definition of 29 U.S.C. § 203(e).

13.

Defendants are governed by and subject to the Fair Labor Standards Act and are joint employers under the FLSA.

**STATEMENT OF FACTS**

14.

From May 9, 2005, until late January, 2011, Plaintiff was paid an hourly wage and was not a salaried employee.  Thereafter, she was paid a salary.

15.

In April, 2010, Defendant Hays purchased a restaurant and formed the limited liability company, Defendant Caveat Rumpus, LLC, to operate the restaurant and which did business as Gary's Bistro (hereinafter "Defendant Bistro" or "the Bistro").

16.

Once Defendant Hays purchased the Bistro and continuing until late April, 2013, he required Plaintiff to perform additional work duties relating to either his personal matters or to the operation of the Bistro, including, but not limited to completing paperwork for licenses, locating and contacting contractors, obtaining equipment and supplies, handling routine financial transactions, maintaining financial records and similar clerical and routine work, in addition to her regular duties with the Law Office.

17.

Even though Defendant Hays required Plaintiff to perform these additional job responsibilities and was aware that she was working hours in excess of forty (40) per week, neither he nor Defendant Law Offices nor Defendant Bistro paid Plaintiff for any of the hours worked for the Bistro.

18.

In late January, 2011, Defendant Hays changed Plaintiff's method of payment by Defendant Law Offices from hourly to salary and asserted she was an employee exempt from the overtime pay provisions of the Fair Labor Standards Act.

19.

Even though many of her job responsibilities for Defendant Law Offices were of the type that might fall under one of the FLSA exemptions from the payment of overtime, when her duties and responsibilities relating to Defendant Bistro and Defendant Hays' personal matters are taken into consideration, her primary job duties were not of the type that made her exempt from the overtime provisions of the FLSA.

20.

On more than one occasion, Plaintiff complained about the impact these additional hours of work had on her health, but Defendant Hays continued to require her to perform work in excess of forty (40) hours per week, for which she was not compensated.

21.

After she became salaried, she even offered to take a pay cut in order to not

have to perform the extra job duties for Defendant Bistro, but Defendant Hays continued to require her to work substantial hours in excess of forty (40) per week without compensation.

22.

Defendants have acted at all times willfully and knew or should have known that Plaintiff should have been paid overtime compensation under the Fair Labor Standards Act.

### **COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT FAILURE TO PAY FOR HOURS WORKED IN EXCESS OF FORTY (40) HOURS PER WEEK**

23.

Defendants have violated the Fair Labor Standards Act by failing to pay Plaintiff for her time worked in excess of forty (40) hours per week from approximately May, 2010, through January, 2011, and by failing to pay her the time and one-half premium for all hours worked over forty (40) per week.

24.

Defendants further violated the FLSA when Plaintiff's method of compensation was changed from hourly to salary in an effort avoid paying Plaintiff for the hours she worked in excess of forty (40) hours per week.

25.

Defendants' failure to pay Plaintiff for all time worked in excess of forty (40) hours per week and failure to pay her the overtime premium for the hours worked in excess of forty (40) hours per week from the time she started being paid a salary in late January, 2011, through April, 2013, also violated the Fair Labor Standards Act.

26.

As a result of Defendants' failure to pay Plaintiff in accordance with the Fair Labor Standard Act, Plaintiff is entitled to her lost wages, including payment of the overtime premium.

27.

Defendants have not acted in good faith, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

28.

Defendants' violations of the FLSA have been knowing and willful, entitling Plaintiff to recover lost wages for three years from May 3, 2010, and continuing until she no longer worked for these Defendants.

**COUNT II - QUANTUM MERUIT**

Plaintiff incorporates herein by reference Paragraphs 1 through 22 of this

Complaint as though fully restated herein. Count II is pled against Defendant Bistro and Defendant Hays in the alternative to Count I, in the event that this Court denies Plaintiff's above stated claims for relief against Defendants under the Fair Labor Standards Act's overtime provisions.

29.

Plaintiff performed work for the Defendant Bistro from April, 2010, to and through April, 2013.

30.

Defendant Bistro benefited from Plaintiff's services rendered and would be unjustly enriched therefrom if Defendant Bistro were not required to compensate Plaintiff for all services rendered.

31.

Defendant Bistro has failed to make any payments and has refused to pay Plaintiff for any of the time worked for its benefit.

32.

As a result of Defendant Bistro's failure to pay, Plaintiff has suffered damages for which Defendant Bistro is responsible. It is fair and equitable for Defendant Bistro to be required to pay Plaintiff for her services, and it would be unfair and inequitable for Defendant Bistro to reap the benefit of Plaintiff's

services without being required to pay Plaintiff for them.

33.

The reasonable value of Plaintiff's service is the hourly rate of pay by which Plaintiff was paid by Defendant Law Offices and Defendant Hays for services rendered to them.

34.

Defendant Hays made the decision to require Plaintiff to provide services to his business, Defendant Bistro, and made the decision to not pay Plaintiff for her services.

35.

Defendant Hays benefited from Plaintiff's services rendered and would be unjustly enriched therefrom if Defendant Hays were not required to compensate Plaintiff for all services rendered.

36.

Defendant Hays has failed to make any payments and has refused to pay Plaintiff for any of the time worked for his benefit.

37.

As a result of Defendant Bistro's and Defendant Hays' failure to pay, Plaintiff has suffered damages for which Defendant Bistro and Defendant Hays are

responsible.  It is fair and equitable for Defendant Bistro and Defendant Hays to be required to pay Plaintiff for her services, and it would be unfair and inequitable for Defendant Bistro and Defendant Hays to reap the benefit of Plaintiff's services without being required to pay Plaintiff for them.

38.

The reasonable value of Plaintiff's service is the hourly rate of pay by which Plaintiff was paid by Defendant Law Offices and Defendant Hays for services rendered to them.

**COUNT III -VIOLATION OF THE FAIR LABOR STANDARDS ACT AGAINST DEFENDANT BISTRO AND DEFENDANT HAYS**

Plaintiff incorporates herein by reference Paragraphs 1 through 22 of this Complaint as though fully restated herein.  Count III is pled against Defendant Bistro and Defendant Hays in the alternative to Counts I and II, in the event that this Court denies Plaintiff's above stated claims for relief against Defendants under the FLSA's overtime provisions or under quantum meriut.

39.

By requiring Plaintiff to work for Defendant Bistro providing services to it, Plaintiff was an employee of Defendant Bistro as defined by the Fair Labor Standards Act.

40.

Defendant Hays made the decision to not pay Plaintiff for her work for Defendant Bistro and is directly liable under the Fair Labor Standards Act for failing to pay Plaintiff for her services.

41.

Under the Fair Labor Standards Act Plaintiff is entitled to recover from both Defendant Hays and Defendant Bistro minimum wage for all time worked, in an amount to be determined.

42.

Defendants Law Offices and Hays have not acted in good faith, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

43.

Defendant Bistro's and Defendant Hays' violations of the FLSA have been knowing and willful, entitling Plaintiff recover damages from May 3, 2010, and continuing until she no longer worked for these Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff monetary damages, unpaid wages,

liquidated damages, prejudgment interest, court costs, and reasonable attorneys' fees; and,

(C)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 2nd day of July, 2013.

        s/Janet E. Hill
        Janet E. Hill
        Georgia Bar No. 354230
        HILL & ASSOCIATES, P.C.
        Attorneys for Plaintiff
        1160 S. Milledge Ave, Suite 140
        Athens, Georgia 30605
        (706) 353-7272
        janetehill@bellsouth.net